**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Anthony Morales GARZA, Defendant—Appellant.**

No. 02–10344.

D.C. No. CR–00–01452–RCC.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 5, 2003.*

Decided Aug. 7, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before ALDISERT,** TALLMAN, and RAWLINSON, Circuit Judges.

MEMORANDUM***

Anthony Morales Garza appeals his conviction for distributing and conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii). Garza argues that the district court erred by admitting the statements of Garza's alleged co-conspirator, Jose Gonzales.

We review the admission of a co-conspirator's statements for an abuse of discretion. *United States v. Bowman,* 215 F.3d 951, 960 (9th Cir.2000). We review for clear error the district court's factual determinations that form the basis for admitting the statements. *Id.*

A co-conspirator's statements may be admitted if the government shows by a preponderance of the evidence that (1) the defendant participated in a conspiracy existing at the time the statements were made, and (2) the statements were made in furtherance of the conspiracy. *Id.* at 960–61.

Here, Gonzales's statements were properly admitted. The district court did not clearly err in finding that Garza participated in an existing conspiracy and that Gonzales's statements were in furtherance of that conspiracy.

Garza's participation in an existing conspiracy was shown by several facts: (1) Garza was present at the scene of the drug transaction, and while there behaved as Gonzales said the supplier would; (2) one federal agent identified Garza as the driver of the vehicle containing the drugs, and another federal agent saw Garza walking away from the vehicle containing the drugs in a manner suggesting Garza had just exited the vehicle; (3) Garza owns a carpet business, consistent with Gonzales's description of his supplier's occupation; and (4) dozens of calls were exchanged between Gonzales's phone and phones owned by Garza, including calls correlating with times that Gonzales was known to be contacting his supplier.

---

** Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

There is no question that Gonzales's statement were made in furtherance of the conspiracy. All of the statements were made by Gonzales to an undercover federal agent for the purpose of arranging and negotiating the methamphetamine sale.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.